IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SATURIO GROGRIEO FIELDS, JR. #319142 *

        Petitioner,
    v.                            *   CIVIL ACTION NO. PJM-16-3576

WARDEN                                *
        Respondent.
                                *****

## MEMORANDUM OPINION

Petitioner Saturio Grogrieo Fields, Jr., an inmate confined at the North Branch Correctional Institution in Cumberland, Maryland, has filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254. For reasons set forth below, the Petition is denied and dismissed as time-barred.

## BACKGROUND

On October 28, 2016, Fields filed a self-represented, fee-paid Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The petition is dated October 25, 2016, and shall be deemed filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 270-76 (1988); *United States v. McNeill*, 523 Fed. Appx. 979, 983 (4th Cir. 2013); *United States v. Dorsey*, 988 F. Supp. 917, 919-920 (D. Md. 1998) (holding a petition shall be deemed to have been filed on the date it was deposited with prison authorities for mailing under the "prison mailbox" rule.)

The Petition challenges Fields' 2004 convictions in the Circuit Court for Prince George's County on first-degree murder and two counts of first-degree assault. On November 4, 2016, the Court issued an Order requiring Respondent to file a Limited Answer to the Petition within forty-five days and granted Fields twenty-eight days to file a reply. Respondents filed a Limited

Answer to the Petition on December 15, 2016, seeking dismissal of the Petition premised on the argument that Fields' claims are time-barred. Fields has not filed a reply.

## DISCUSSION

**I.     Petition**

A jury sitting in the Circuit Court for Prince George's County found Fields guilty of first-degree murder and first-degree assault (two counts).  ECF No. 3-1.  On February 27, 2004, the court (Judge James J. Lombardi) sentenced Fields to life imprisonment without the possibility of parole on the murder offense.  Fields was additionally sentenced to two consecutive 20-year sentences for each of his first-degree assault convictions.  Fields filed an application for panel review of sentence that was denied on April 14, 2004.  He filed a motion for reconsideration of sentence that was denied on May 17, 2004.  *Id*.

In an unreported opinion filed on May 25, 2005, the Court of Special Appeals of Maryland affirmed Fields' convictions and sentences.  He sought further review in the Court of Appeals of Maryland and the Court of Appeals remanded the case back to the Court of Special Appeals for reconsideration in light of *Bernadyn v. State*, 390 Md. 1, 887 A.2d 602 (2005).[1]  The intermediate appellate court again affirmed Fields' convictions.  Fields sought review in the Court of Appeals, which affirmed his convictions in a reported opinion dated December 8, 2006.  ECF No. 3-2.  Consequently, his judgment of conviction became final for purposes of direct appeal ninety days later on March 12, 2007, when the 90-day period for filing a petition for writ of certiorari with the Supreme Court expired.  *See* Supreme Court Rule 13.1 (requiring petition for writ of certiorari to be filed within ninety days of date of judgment from which review is

---

[1]     In *Bernadyn*, the Maryland appellate court determined that a medical bill, seized by police and used to establish that defendant lived at the address noted on the bill, could not be admitted into evidence as it constituted inadmissible hearsay.

sought); *Clay v. United States,* 537 U.S. 522, 525 (2003) (state judgment becomes final for habeas purposes when the time expires for filing a petition for writ of certiorari to the Supreme Court or ninety days following the decision of the state's highest court).

Approximately seven years later, on February 24, 2014, Fields filed a counseled petition for post-conviction relief in the Circuit Court for Prince George's County.  A post-conviction hearing was held on June 4, 2015, and on August 14, 2015, the Circuit Court denied post-conviction relief.  ECF No. 3-1.  Fields' application for leave to appeal this adverse ruling was summarily denied by the Court of Special Appeals in an unreported opinion filed on September 9, 2016.  ECF No. 3-3.

Respondent argues that Fields' Petition is untimely as his convictions became final for direct appeal purposes on March 12, 2007 and more than six years expired before he initiated post-conviction proceedings on February 14, 2014.  Fields offers no reply to argue equitable tolling.

**A.  Limitations Period**

A one-year statute of limitations applies to habeas petitions in non-capital cases for a person convicted in state court.  See 28 U.S.C. § 2244(d).  Section 2244(d) provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

3

      (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Fields' convictions became final on March 12, 2007. He did not file a post-conviction petition during the subsequent one-year period. Indeed, his filing of a collateral review petition did not occur until approximately seven years later, on February 24, 2014. Therefore, he allowed the one-year limitations' period to run unchecked. His Petition is time-barred.

It is true that under certain circumstances the AEDPA's statute of limitations may be subject to equitable tolling. *See, e.g., Harris v. Hutchinson,* 209 F.3d 325, 328 (4th Cir. 2000); *United States v. Prescott,* 221 F.3d 686, 687-88 (4th Cir. 2000); *see also Wall v. Kholi,* 562 U.S. 545, 549 (2011). The Fourth Circuit has consistently held that a party seeking to avail itself of equitable tolling must show that (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) prevented him from filing on time. *Rouse v. Lee,* 339 F.3d 238, 246 (4th Cir. 2003) (*en banc*). Further, to be entitled to equitable tolling a petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010), citing *Pace v. DiGulielmo*, 544 U.S. 408, 418 (2005).

Fields has failed to make such a showing and has otherwise failed to demonstrate any ground on which equitable tolling applies.  His petition for habeas corpus relief is time-barred under 28 U.S.C. § 2244(d)(1)(A-D) and shall be dismissed and denied with prejudice.

**B. Certificate of Appealability**

Rule 11(a) of the Rules Governing Section 2254 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases.  Because the accompanying Order is a final order adverse to the applicant, 28 U.S.C. § 2253(c)(1) requires issuance of a certificate of appealability before an apppeal can proceed.

A certificate of appealability may issue if the prisoner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a district court rejects constitutional claims on the merits, a petitioner satisfies the standard by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  When a petition is denied on procedural grounds, the petitioner meets the standard with a showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling," *Id*. at 478.

Fields' claims are dismissed on procedural grounds, and, upon review of the record, this Court finds that Fields has not made the requisite showing.  The Court therefore declines to issue a certificate of appealability.  Fields may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate.  *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

## CONCLUSION

For the foregoing reasons, the Court dismisses the Petition for Writ of Habeas Corpus with prejudice as time-barred and declines to issue a Certificate of Appealability. A separate Order shall issue.


Date: February 1, 2017                     _____/s/_____
                                                             PETER J. MESSITTE
                                                    UNITED STATES DISTRICT JUDGE